# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KYLE CARVER, SR.,

:

    Petitioner,                                    Case No. 3:10-cv-038

:       District Judge Walter Herbert Rice

  -vs-                                          Magistrate Judge Michael R. Merz

MARGARET BEIGHTLER, Warden,

:

    Respondent.

## ORDER DENYING STAY PENDING EXHAUSTION

This habeas corpus action is before the Court on Petitioner's Motion to Stay Habeas Proceedings Pending Exhaustion of State Court Remedies (Doc. No. 5).

Petitioner asserts in the instant Motion that he has a valid claim that his sentence is not authorized by law because the trial and appellate courts misapplied Ohio Rev. Code § 2941.25. He claims this right was recognized in *State v. Underwood*, ___ Ohio St. 3d ___, ___ N.E. 2d ___, 2010 Ohio 1, ¶ 23 (2010). As this Court reads that decision, it holds that Ohio Rev. Code § 2953.08 on agreed sentences does not bar review of a sentence when the sentence is not valid under Ohio Rev. Code § 2941.25. Petitioner believes that he can now raised this claim as to his own case (which did not involve an agreed sentence) by filing what he calls a "motion pursuant to 2953.08(A)(4) sentence contrary to law." Although the *Underwood* decision was handed down very recently, nothing in the opinion suggests to this Court that the Ohio Supreme Court is willing to entertain a motion of the type mentioned by Petitioner in a case which has been final in the Ohio courts on

-1-

direct appeal for some time.

Although *Rhines v. Weber*, 544 U.S. 269 (2005), allows a federal district court to stay a habeas proceeding so that a Petitioner can exhaust a recognized state court remedy, it does not authorize such a stay in favor of a purported remedy which has never been recognized by the state courts.

Petitioner is of course free to file the motion he suggests in the Ohio Supreme Court. If that court in fact accepts his motion for decision on the merits, he may re-apply to this Court for a stay. Absent some indication from the Ohio Supreme Court that they would entertain such a motion, the instant Motion for Stay is denied.

February 18, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge