# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KYLE CARVER, SR.,

:

    Petitioner,                                Case No. 3:10-cv-038

:         District Judge Walter Herbert Rice
  -vs-                                      Magistrate Judge Michael R. Merz

MARGARET BEIGHTLER, Warden,

:

    Respondent.

---

**ORDER DENYING SECOND MOTION TO STAY PENDING EXHAUSTION**

---

This habeas corpus action is before the Court on Petitioner's second Motion to Stay Habeas Proceedings Pending Exhaustion of State Court Remedies (Doc. No. 7).

This Motion parallels Petitioner's first Motion to Stay pending exhaustion (Doc. No. 5). Petitioner continues to assert that the Ohio Supreme Court decision in *State v. Underwood,* ___ Ohio St. 3d ___, 2010 Ohio 1 (2010), makes his sentence contrary to law. In pursuit of that claim, he has now filed a document in the Ohio Second District Court of Appeals captioned "An Appeal As A Matter of Right Pursuant to R.C. § 2953.08(A)(4) Sentence Contrary to Law."

The Ohio Supreme Court held in *Underwood*, at least as this Court reads it, that the bar to an appeal in Ohio Rev. Code § 2953.08 where there was an agreed sentence does not apply where the sentence was contrary to law in that it involved multiple sentences for allied offenses of similar import, in violation of Ohio Rev. Code § 2941.25. Petitioner did not receive an agreed sentence in the Montgomery County Common Pleas Court. And nothing in Underwood suggests that a

-1-

defendant who has already exhausted his direct appeal can get a second appeal, years later, by filing a document such as the one Petitioner has filed with the Court of Appeals. However, the correct reading of *Underwood* in this regard is a question in the first instance for the Ohio courts. As this Court said in its first Order in this regard, if the Ohio courts accept this new appeal, this Court will certainly stay this case pending the outcome of that appeal. But just because Petitioner has asked for a new appeal does not mean the Court of Appeals will agree with his reading of *Underwood.* It would ill serve judicial economy or Petitioner's liberty interest in a prompt decision to stay this case pending the outcome of an untried, unprecedented state court remedy.

In granting district courts the authority to stay habeas cases pending exhaustion, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269 (2005). As this quotation makes clear, granting a stay is a matter of discretion, conditioned in part by whether there is a recognized state court remedy for the claim a petitioner is raising. This Court cannot imagine why a non-capital habeas petition would "engage[d]

in intentionally dilatory litigation tactics," but it also makes no sense to continually stay pending cases while petitioners try new remedies which have not been recognized by the state courts.

Therefore this Motion for Stay is denied on the same basis as the prior Motion. If the Court of Appeals grants[1] Petitioner a new appeal on the basis of his recent filing, the Court will stay this matter.

March 31, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

---

[1] That is to say, if that Court agrees by some affirmative act to consider Petitioner's arguments on the merits. The fact that the Clerk of that Court accepted Petitioner's filing does not imply the Court of Appeals will hear the case on the merits.