# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KYLE CARVER, SR.,

    Petitioner,

Case No. 3:10-cv-038

    -vs-

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

MARGARET BEIGHTLER, Warden,

    Respondent.

## ORDER DENYING THIRD MOTION TO STAY PENDING EXHAUSTION

This habeas corpus action is before the Court on Petitioner's third Motion to Stay Habeas Proceedings Pending Exhaustion of State Court Remedies (Doc. No. 7).

Unlike the first two Motions, this one is based on *State v. Singleton*, 124 Ohio St. 3d 173, 820 N.E. 2d 958 (2009). Petitioner has applied to the Montgomery County Common Pleas Court for re-sentencing under *Singleton* and that court has issued a warrant for his return to be re-sentenced. Petitioner was sentenced in November, 2005, and thus is not subject to the remedial procedure adopted by the General Assembly in Ohio Revised Code § 2929.191. In *Singleton*, the Ohio Supreme Court held that, in the absence of a statutory remedy (i.e. before July 11, 2006), "Ohio caselaw provided a constitutional remedial procedure for trial courts to follow in correcting a failure to properly impose post-release control ." Presumably that is the procedure the Common Pleas Court intends to follow, but it will only result in a re-sentencing, not a new trial or a new consideration of the deficiencies Petitioner alleges against the judgment in this habeas corpus action.

-1-

In other words, the impending proceeding in the Common Pleas Court is not intended to address the constitutional claims made in this habeas case, but only the proper form of imposing post-release control under Ohio law. Simply put, the *Singleton* procedure is not an Ohio remedy for addressing collateral attacks based on the kinds of claims Petitioner makes here.

Because the *Singleton* procedure is not a remedy for the constitutional wrongs alleged in the habeas corpus petition, Mr. Singleton's third Motion for Stay is denied. Of course, if the Common Pleas Court, contrary to this judge's understanding, vacates the judgment complained of in this case, the Petition here will be moot.

November 29, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge