IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KYLE CARVER, SR., | : |
| Petitioner, | : |
| | Case No. 3:10-cv-38 |
| vs. | : |
| | JUDGE WALTER HERBERT RICE |
| WARDEN, MARION CORRECTIONAL INSTITUTION, | : |
| | : |
| Respondent | |

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #14) IN THEIR ENTIRETY; OVERRULING PETITIONER'S OBJECTIONS THERETO (DOC. #18); OVERRULING RESPONDENT'S OBJECTIONS THERETO (DOC. #15); DISMISSING GROUND SEVEN OF PETITION WITHOUT PREJUDICE, AND DISMISSING ALL OTHER GROUNDS WITH PREJUDICE; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; GRANTING CERTIFICATE OF APPEALABILITY WITH REGARD TO GROUND FIVE AND DENYING SAME AS TO ALL OTHER GROUNDS; REQUEST TO APPEAL *IN FORMA PAUPERIS* GRANTED AS TO GROUND FIVE AND DENIED AS TO ALL OTHER GROUNDS; TERMINATION ENTRY

Petitioner Kyle Carver, Sr., filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, asserting ten Grounds for Relief. On October 12, 2010, the United States Magistrate Judge issued a Report and Recommendations (Doc. #14). He recommended that the Petition be dismissed with prejudice, except as to Ground Seven, challenging Petitioner's classification as a sexually-oriented

offender. The Magistrate Judge recommended that the Court dismiss Ground Seven without prejudice because, although this claim is not cognizable in habeas corpus, it may be cognizable in some other proceeding. Finding that reasonable jurists could disagree concerning the validity of Petitioner's *Batson* claim,[1] as set forth in Ground Five of the Petition, the Magistrate Judge also recommended that Petitioner be granted a certificate of appealability and leave to appeal *in forma pauperis* with respect to that claim.

Respondent's Objections to the Report and Recommendations, Doc. #15, are very narrow. He objects only to the Magistrate Judge's recommendation concerning the certificate of appealability on the *Batson* claim (Ground Five). Petitioner's Objections, Doc. #18, are considerably broader.

The Court has conducted a thorough *de novo* review of this Court's file and the applicable law. Based on the reasoning and citations of authority set forth in the Report and Recommendations, Doc. #14, the Court OVERRULES Petitioner's Objections, Doc. #18, and those of the Respondent, Doc. #15.

The Court ADOPTS the Report and Recommendations, Doc. #14, in their entirety, including the Magistrate Judge's recommendation that the Court grant a certificate of appealability and leave to appeal *in forma pauperis* with respect to

---

[1] *See Batson v. Kentucky*, 476 U.S. 79 (1986) (holding that the Equal Protection Clause forbids the prosecutor from exercising peremptory challenges based solely on the race of the potential juror).

2

Ground Five of the Petition, the Court concluding that this Court's decision concerning Petitioner's *Batson* claim would be debatable among reasonable jurists.

With respect to Petitioner's other Grounds for Relief, the Court makes the following, non-exclusive observations:

In Ground Two, Petitioner alleges insufficient evidence to support his convictions for kidnaping, felonious assault, and unauthorized use of a motor vehicle. Only Petitioner's objection with respect to the kidnaping conviction merits any discussion. Petitioner contends that because he was acquitted on the rape charges, there is insufficient evidence to support his kidnaping conviction.

Ohio's kidnaping statute provides, in relevant part, that "[n]o person, by force, threat, or deception, . . . shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes: ***(4) To engage in sexual activity . . . with the victim against the victim's will." Ohio Rev. Code § 2905.01(A)(4). Petitioner maintains that because his acquittal on the rape charges is inconsistent with a finding that he restrained the victim for the purpose of engaging in sexual activity against the victim's will, his kidnaping conviction must fail.

This is not necessarily so. The key question, with respect to the kidnaping charge, is what the defendant intended at the time of the abduction. In reviewing the record in a light most favorable to the prosecution, there is sufficient evidence from which the jury could have found that Petitioner abducted the victim with the intent of

3

engaging in sexual activity with her against her will. Whether or not the sexual activity ended up being consensual is irrelevant. *See State v. Matthieu*, 3d Dist. Nos. 10-02-04, 10-02-05, 2003-Ohio-3430, at ¶ 17 (holding that acquittal on rape charge was "not in any sense a finding that there was no intent or purpose to commit those crimes at the time of the abduction."); *State v. Cook*, No. 11-225, 1987 WL 15446, at *2 (Ohio Ct. App. Aug. 7, 1987) ("A conviction of kidnapping under R.C. 2905.01(A)(4) can stand alone without a conviction on the underlying rape charge.").[2]

Given that Petitioner has made a substantial showing of the denial of a constitutional right, with regard to Ground Five, and, further, that the Court's decision herein on the *Batson* issue set forth therein would be debatable among jurists of reason, this Court grants a certificate of appealability as to Ground Five, as well as leave to appeal *in forma pauperis* thereon. However, as to all other Grounds, given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein as to all other Grounds would not be debatable among jurists of reason, and, finally, because any

---

[2] Petitioner also argues that because rape and kidnaping are allied offenses of similar import, the court was required, under Ohio Revised Code § 2941.25(A), to merge those offenses. The statute reads: "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." Ohio Rev. Code § 2941.25(A). In this case, Petitioner was convicted of kidnaping, but not rape. Therefore, the question of whether these were "allied offenses of similar import" is irrelevant.

4

appeal from this Court's decision on those other Grounds would be <u>objectively</u> frivolous, Petitioner is denied a certificate of appealability and denied leave to appeal *in forma pauperis* on all Grounds, save and excepting Ground Five.

Judgment will be entered accordingly, in favor of Respondent and against Petitioner. As recommended by the Magistrate Judge, Grounds One, Two, Three, Four, Five, Six, Eight, Nine, and Ten of the Petition for a Writ of Habeas Corpus are DISMISSED WITH PREJUDICE. Ground Seven of the Petition is DISMISSED WITHOUT PREJUDICE.

This case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: September 22, 2011

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

5